```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JASON WIMBERLY,                                        :
                                                       :
                            Plaintiff,                 :
            - against -                                :
                                                       :    22-CV-7581 (VSB)
MELANIE STERN, SPRING BANK, JAY                        :
LAWRENCE HACK, GALLER, DREYER &                        :    ORDER
BERKEY, LLP,                                           :
                                                       :
                            Defendants.                :
-------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

I am in receipt of a motion requesting permission for Jason Wimberly ("Plaintiff") to deposit funds with the Court pursuant to Fed. R. Civ. P. 67. (Doc. 13, the "Motion.") Because I find that this deposit is not appropriate in this matter, Plaintiff's Motion is DENIED.

I.  **Background**[1]

On November 16, 2022, Plaintiff filed a motion requesting an Order pursuant to Fed. R. Civ. P. 67 permitting him to file a $1,581.99 deposit with the Court. (Doc. 13.) Plaintiff also filed a memorandum of law, (Doc. 15), and a declaration, (Doc. 16), in support of the Motion. On November 30, the Bank Defendants[2] filed a response explaining that they have no objection to Plaintiff depositing funds with the Court, so long as it is clear that their position is that the deposit: (1) "would not change the legal duties of the parties," (2) "will in no way affect Spring Bank's prosecution of its counterclaim in State Court," (3) "will not operate as a credit against Plaintiff's indebtedness under the Note until the deposited funds are turned over to Spring Bank," and (4) "should be released to Spring Bank once Plaintiff's claims against Spring Bank

---

[1] I limit my description of the background of this matter to the facts or allegations that are relevant to this Motion.

[2] The "Bank Defendants" refers to Spring Bank and Melanie Stern.

are dismissed," (Doc. 24 at 1–2).  On December 1, 2022, the GDB Defendants[3] filed a response explaining that they do not object to the proposed deposit but assert that the deposit is not:  (1) "the entire amount owed by Plaintiff to Spring Bank," (2) consent to any of Plaintiff's legal arguments or factual assertions, or (3) or a waiver of their right to seek attorneys' fees.  (Doc. 25 at 2.)  On December 1, Plaintiff filed a reply memorandum maintaining his request.  (Doc. 30.)

**II.     Legal Standard**

### A.  *Federal Rule of Civil Procedure 67*

Pursuant to Fed. R. Civ. P. 67, "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party . . . may deposit with the court all or part of the money or thing, whether or not that party claims any of it."  "Rule 67 is a procedural device . . . intended to provide a place of safekeeping for disputed funds pending resolution of a legal dispute and not to provide a means of altering the contractual relationships and legal duties of each party."  *Ray Legal Consulting Group v. DiJoseph*, 37 F.Supp.3d 704, 729 (S.D.N.Y. Aug. 8, 2014) (internal quotation marks omitted) (alterations in original).  "It is within the court's discretion to permit or deny such a deposit."  *United States v. New York State Supreme Court, Erie Cty.*, 07–CV–0027, 2008 WL 305011, at *3 (W.D.N.Y. Feb. 1, 2008).

**III.    Discussion**

There are no counterclaims against Plaintiff in this matter.  The amount that Plaintiff seeks to deposit is "the balance of what Defendant's [sic] seeks [sic] in their counterclaim in the state court action."  (Doc. 15.)  Because there are no pending claims against Plaintiff in this action where "any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing," Fed. R. Civ. P. 67, I see no need to burden this Court

---

[3] The "GDB Defendants" refers to Jay Lawrence Hack and Gallet, Dreyer, & Berkey, LLP.

with managing funds that are not directly at issue in this case. I also find it improper for me to exercise my discretion over funds apparently at issue in the state court action.

### IV. Conclusion

For the reasons explained above, Plaintiff's motion to deposit funds is DENIED. The Clerk of the Court is respectfully directed to terminate the gavel pending at Doc. 13.

SO ORDERED.

Dated: August 29, 2023
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge