UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                  :
JASON WIMBERLY,                                   :
                                                  :
                        Plaintiff,                :
                                                  :            22-cv-7581 (VSB)
             -against-                            :
                                                  :          **OPINION & ORDER**
MELANIE STERN, SPRING BANK, JAY                   :
LAWRENCE HACK, GALLER, DREYER                     :
& BERKEY, LLP,                                    :
                                                  :
                        Defendants.  :
--------------------------------------------------------X

Appearances:

Jason Wimberly
*Pro Se Plaintiff*

Brett A. Scher
Adam Matthew Marshall
Kaufman Dolowich & Voluck LLP
*Counsel for Defendants Melanie Stern and Spring Bank*

Jared Maxwell Mogil
Joseph Salvo
Sarah Prager
Gordon Rees Scully Mansukhani LLP
*Counsel for Defendants Jay Lawrence Hack and Gallet, Dreyer & Berkey, LLP*


VERNON S. BRODERICK, United States District Judge:

        Before me is a motion for sanctions, (Doc. 72, the "Motion"), filed by the Bank

Defendants[1] on July 28, 2023.  Because the Bank Defendants fail to show that sanctions are

warranted under Fed. R. Civ. P. 11(b), the Motion is DENIED.

---

[1] The term "Bank Defendants" refers collectively to Melanie Stern and Spring Bank.

## I.      Background

On July 7, 2023, the Bank Defendants sent Plaintiff Jason Wimberly ("Plaintiff" or

"Wimberly") a draft copy of the Motion and a letter by email and regular mail.  (Doc. 73 ¶ 4–5;

Doc 73-2; Doc 73-3.)  In the letter, the Bank Defendants explained:

> In accordance with Rule 11 of the Federal Rules of Civil Procedure, enclosed please find
> a draft of a motion for sanctions that the Bank Defendants intend to file against you based
> on your motion to amend the Complaint so as to assert claims against Kaufman Dolowich
> & Voluck, LLP and the undersigned (collectively, the "Attorneys").  Pursuant to Rule
> 11(c)(2), the enclosed motion will be filed with the Court if the proposed amendment as
> to the Attorneys is not withdrawn within twenty-one (21) days.

(Doc. 73-3.)  The proposed amendment was not withdrawn.  On July 28, 2023, the Bank

Defendants filed the Motion.  (Doc. 72.)  Along with the Motion, the Bank Defendants also filed

a declaration, (Doc. 73), and a memorandum of law, (Doc. 74), in support.  Plaintiff did not file

an opposition to the Motion or seek additional time to do so.

## II.      Legal Standard

Federal Rule of Civil Procedure 11(b)(1) provides that:

> [b]y presenting to the court a pleading, written motion, or other paper—whether by
> signing, filing, submitting, or later advocating it—an attorney or unrepresented party
> certifies that to the best of the person's knowledge, information, and belief, formed after
> an inquiry reasonable under the circumstances[,] it is not being presented for any
> improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the
> cost of litigation.

Fed. R. Civ. P. 11(b).  A pleading or motion violates Rule 11 if it is "frivolous, legally

unreasonable, or factually without foundation, even though not signed in subjective bad faith."

*Wechsler v. Hunt Health Sys., Ltd.*, 216 F. Supp. 2d 347, 356 (S.D.N.Y. 2002).  If a party is

found to have violated Rule 11, they may be subject to sanctions.  Fed. R. Civ. P. 11(c).  Courts

have wide discretion in deciding when sanctions are appropriate.  *See Perez v. Posse Comitatus*,

373 F.3d 321, 325–326 (2d Cir. 2004) ("Even if the district court concludes that the assertion of

a given claim violates Rule 11, however, the decision whether or not to impose sanctions is a matter for the court's discretion."); *see also Ipcon Collections LLC v. Costco Wholesale Corp*., 698 F.3d 58, 63 (2d Cir. 2012) ("[S]anctions under Rule 11 are discretionary, not mandatory."). Rule 11 sanctions should be granted with caution and applied only when "a particular allegation is utterly lacking in support."  *In re Highgates Equities, Ltd*., 279 F.3d 148, 154 (2d Cir. 2002) (citation omitted).

Rule 11 also sets forth certain procedural requirements.  Rule 11 requires that "[a] motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service."  Fed. R. Civ. P. 11(c)(2).  This provision is commonly known as the "safe harbor provision."  A motion that fails to comply with the safe harbor provision of Rule 11 must be denied.  *See, e.g*., *Fierro v. Gallucci*, 423 F. App'x 17, 18–19 (2d Cir. 2011) (summary order) (affirming denial of sanctions for failure to comply with 21-day service requirement); *Bryant v. Britt*, 420 F.3d 161, 163 n.2 (2d Cir. 2005) (finding that, because movant "failed to comply" with Rule 11(c), there was "no error in the district court's decision" to deny sanctions); *Targum v. Citrin Cooperman & Co.*, No. 12 Civ. 6909(SAS), 2013 WL 6087400, at *4 (S.D.N.Y. Nov. 19, 2013) ("A motion that fails to comply with the safe harbor provision of Rule 11 must be denied."  (citation omitted)).  "The safe-harbor provision is a strict procedural requirement."  *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd*., 682 F.3d 170, 175 (2d Cir. 2012).

**III.    Discussion**

As a threshold matter, the procedural requirements of Rule 11 have been met.  The Bank Defendants have complied with Rule 11's safe harbor provision by sending Plaintiff a letter and draft of the Motion 21 days prior to filing the Motion.  (*See* Doc. 73.)

The Bank Defendants argue that the claims Plaintiff sought to pursue through his motion to amend his complaint, (Doc. 58), were frivolous because they were plagued with deficiencies that "are so obvious and incapable of correction that even Wimberly must recognize them." (Doc. 74 at 5.)  I disagree.  "A claim is frivolous if it presents an indisputably meritless legal theory or factual contentions that are clearly baseless." *Sibley v. Geraci*, 858 F. App'x 415, 417 (2d Cir. 2021) (cleaned up).  The Bank Defendants do not argue that Plaintiff relied on baseless factual contentions and instead attack the legal viability of his claims.  "The Court does not expect litigants proceeding pro se to grasp complex legal concepts . . . with the same level of understanding as attorneys." *McCluskey v. New York State Unified Ct. Sys.*, No. 10CV2144JFBETB, 2010 WL 11632696, at *1 (E.D.N.Y. July 9, 2010).  When considering a motion under Rule 11, "the court may consider the special circumstances of litigants who are untutored in the law." *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989). Therefore, "where a pro se litigant is alleged to have run afoul of Rule 11, courts generally apply a more lenient standard than would be applicable where a party is represented by learned counsel." *Sachs v. Matano*, No. CV 15-6049 (JFB) (AKT), 2016 WL 4179792, at *7 (E.D.N.Y. July 15, 2016), *report and recommendation adopted*, No. 15-CV-6049 (JFB) (AKT), 2016 WL 4186708 (E.D.N.Y. Aug. 4, 2016).

Although I denied Plaintiff's motion to amend for failure to state a claim, (*see* Doc. 78), under the circumstances presented here, I do not find that the claims were so baseless as to warrant monetary sanctions.[2]  Given the special solicitude that courts grant pro se plaintiffs, the

---

[2] I address only the Bank Defendants' request for monetary sanctions because the request to enjoin Plaintiff "from filing any further motions pending the outcome of the pending motions to dismiss," (Doc. 74 at 10), is moot in light of my Opinion & Order granting the Bank Defendants' motion to dismiss, (Doc. 78).  However, I do note that although the Bank Defendants list the factors that I should consider in determining whether to grant leave to file an injunction, (Doc. 74 at 9), they do not discuss how the factors apply to Plaintiff's conduct.

legal insufficiencies of Plaintiff's claims do not justify sanctioning Plaintiff.  Rule 11 provides

that sanctions are to be "limited to what is sufficient to deter repetition of such conduct or

comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(2).  The Bank

Defendants have not established that any monetary sanctions are necessary to deter repetition of

comparable conduct.  In addition, I do not find the circumstances here to warrant a finding that

Plaintiff pursued this action for an improper purpose, to harass, or to needlessly increase the cost

of litigation.  *See* Fed. R. Civ. P. 11(b).  Accordingly, I decline to impose sanctions at this time.

However, Plaintiff is warned that despite his pro se status, he is "not immune from Rule 11

sanctions," *Ferguson v. Comm'r of Tax & Fin.*, 739 F. App'x 19, 22 (2d Cir. 2018), and if future

conduct is improper or frivolous, he may risk sanctions under Rule 11.

## IV.   Conclusion

For the foregoing reasons, the Bank Defendants' motion for sanctions is DENIED.  The

Clerk of the Court is respectfully directed to close Doc. 72 and mail a copy of this Order to the

Plaintiff.

SO ORDERED.

Dated:  October 26, 2023
        New York, New York

Vernon S. Broderick
United States District Judge

5