UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                   :

JASON WIMBERLY,                         :

                              Plaintiff,     :

                                                   :         22-CV-7581 (VSB)

              -against-                 :

                                                   :         **OPINION & ORDER**

MELANIE STERN, SPRING BANK, JAY     :
LAWRENCE HACK, GALLET, DREYER     :
& BERKEY, LLP,                            :

                                                   :

                               Defendants.  :
------------------------------------------------------------X

Appearances:

Jason Wimberly
New York, NY
*Pro Se Plaintiff*

Brett A. Scher
Adam Matthew Marshall
Kaufman Dolowich & Voluck LLP
Woodbury, NY
*Counsel for Defendants Melanie Stern and Spring Bank*

Jared Maxwell Mogil
Joseph Salvo
Gordon Rees Scully Mansukhani LLP
New York, NY
*Counsel for Defendants Jay Lawrence Hack and Gallet, Dreyer & Berkey, LLP*

VERNON S. BRODERICK, United States District Judge:

      Before me are three motions: (1) a motion for reconsideration of my October 4, 2023

Opinion & Order (the "Opinion"), (Doc. 78), pursuant to Federal Rule of Civil Procedure 59(e),

filed by Plaintiff Jason Wimberly ("Wimberly" or "Plaintiff"), (Doc. 94); (2) a cross-motion for

reconsideration of my Opinion, filed by Defendants Jay L. Hack ("Hack") and Gallet Dreyer &

Berkey, LLP ("GDB," and collectively, the "GDB Defendants"), (Doc. 101); and (3) Plaintiff's

motion for leave to appeal in forma pauperis, (Doc. 89). Because Plaintiff either relitigates previous arguments rejected in the Opinion or presents new arguments for the first time that he could have raised earlier, Plaintiff's motion for reconsideration is DENIED. With regard to the GDB Defendants' motion for reconsideration, because Plaintiff lacks Article III standing for his claim under 15 U.S.C. § 1692e, the motion is GRANTED and Plaintiff's § 1692e claim is DISMISSED. Because the Opinion was not a final, appealable order, Plaintiff's motion for leave to appeal in forma pauperis the Opinion, (Doc. 89), is DENIED.

## I.     Background and Procedural History[1]

The Opinion (1) granted in part and denied in part GDB Defendants' motion to dismiss; (2) granted the motion to dismiss filed by Defendants Melanie Stern ("Stern") and Spring Bank (the "Bank," and collectively, the "Bank Defendants"); and (3) denied Plaintiff's motions for leave to amend, to stay a related state action, and for a temporary restraining order ("TRO"). As to the GDB Defendants, the Opinion held that Plaintiff stated a claim for violation of the Fair Debt Collection Practices Act ("FDCPA") but not for declaratory judgment or conspiracy. (Op. 9–17.) As to the Bank Defendants, the Opinion held that Plaintiff failed to state a claim. (*Id.* at 8.) Finally, the Opinion denied Plaintiff's motions (1) for leave to amend as futile, (2) to stay a state action, and (3) for a TRO. (*Id.* at 17–24.)

On October 12, 2023, Plaintiff moved to alter or amend the judgment in my Opinion. (Doc. 81.) On November 3, 2023, Plaintiff filed a notice of interlocutory appeal of my Opinion. (Doc. 88.) On November 7, 2023, Plaintiff filed a motion for leave to appeal in forma pauperis in that interlocutory appeal. (Doc. 89.) On November 9, 2023, GDB Defendants filed a letter-

---

[1] I assume the parties' familiarity with the relevant facts and procedural history, which are set forth in my Opinion. (*See* Doc. 78 ("Op.").)

motion, essentially in opposition to Plaintiff's requested motion to alter or amend the judgment in my Opinion.  (Doc. 90.)

On December 15, 2023, I held a telephone conference with the parties and instructed Plaintiff to refile his motion for reconsideration and for the parties to brief that motion.  (*See* Doc. 95.)[2]  I also stated during the telephone conference that, at Plaintiff's request, I would consider his motion to alter or amend the judgment as a motion for reconsideration.

On December 15, 2023, Plaintiff filed a memorandum of law in support of his motion for reconsideration under Federal Rule of Civil Procedure 59(e).  (Doc. 94 ("Mem.").)  On January 19, 2024, GDB Defendants filed a cross-motion for reconsideration, (Doc. 101), and, among other things, an accompanying memorandum of law in support of their cross-motion and in opposition to Plaintiff's motion for reconsideration, (Doc. 102-1 ("GDB Opp'n")).  That same day, the Bank Defendants filed an opposition to Plaintiff's motion for reconsideration.  (Doc. 104 ("Bank Opp'n").)  On April 9, 2024, Plaintiff filed a reply brief.  (Doc. 108 ("Reply").)  On July 25, 2024, Plaintiff filed a 12-page notice of supplemental authority.  (Doc. 110.)

On August 5, 2024, Plaintiff filed a letter notifying me that he has "filed an action against the New York State Attorney General's Office and The Manhattan District Attorney in relation to [his] claims against Spring Bank and its attorneys and the claim that they have acted in violation of New York General Business Law 601."  (Doc. 111 at 1.)  In that letter, he noted that Chief Judge Laura T. Swain dismissed the action sua sponte under the Eleventh Amendment, and that he has appealed her decision.  (*Id.*)  He requests I take judicial notice of that case.  (*Id.* at 2.)

---

[2] Because I ordered the parties to re-file and brief Plaintiff's motion for reconsideration, GDB Defendants' letter-motion filed on November 9, 2023, (Doc. 90), is DENIED as moot.

## II. <u>**Legal Standards**</u>

"The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59(e) and 60(b) are the same." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), *aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016). Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *United States v. Yudong Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (internal quotation marks omitted). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration is not an opportunity for a petitioner to relitigate an issue already decided or present arguments that could have been made before the judgment was entered." *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022) (internal quotation marks omitted). Rather, a motion for reconsideration "may be granted only in limited circumstances when the petitioner identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.* (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). Whether to grant or deny a motion for reconsideration "is within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10-CV-3753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

Pro se complaints are afforded "special solicitude" and must be interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477

(2d Cir. 2006) (internal quotation marks omitted). Even still, pro se litigants are "obligated to comply with the relevant rules of procedural and substantive law." *Doe v. Torres*, No. 05-CV-3388, 2006 WL 290480, at *3 (S.D.N.Y. Feb. 8, 2006); *see also Zietek v. Pinnacle Nursing & Rehab Ctr.*, No. 21-CV-5488, 2022 WL 624881, at *1 (S.D.N.Y. Mar. 2, 2022) (noting that pro se plaintiffs are "required to inform themselves regarding procedural rules and to comply with them" in moving for reconsideration (internal quotation marks omitted)); *Turner v. Naphcare*, No. 19-CV-412, 2020 WL 8988671, at *1 (S.D.N.Y. May 13, 2020) (same).

### III. Discussion

#### A. *Plaintiff's Motion for Reconsideration*

Plaintiff offers several unpersuasive arguments in support of his motion for reconsideration. First, Plaintiff argues that the Opinion erred in ruling that Defendants' counterclaims in state court were timely. (Mem. 2.[3]) Plaintiff notes that CPLR 214-i—which amended the Consumer Credit Fairness Act on April 7, 2022—retroactively changed the statute of limitations from six years to three years, and therefore Defendants' counterclaims are untimely. (*Id.* at 2–8.) Plaintiff argues that I should interpret CPLR 214-i under the statutory-interpretation canon of *expressio unius est exclusio alterius*. (*Id.* at 2–4.) However, Plaintiff already made this exact argument in his memorandum of law in support of his application for leave to amend, (*see* Doc. 59 at 7–8[4]), an argument I rejected based on the plain language of the statute, (Op. 16). Because Plaintiff attempts to relitigate an issue I already decided, this argument fails. *See Ethridge*, 49 F.4th at 688.

---

[3] Plaintiff's memorandum of law is 27 pages long, and does not include page numbers. Pincites to page numbers refer to the PDF page number of the 27-page document.

[4] Plaintiff's memorandum of law in support of his application for leave to amend is 30 pages long (excluding exhibits), and does not include page numbers. Pincites to page numbers refer to the PDF page number of the 30-page document.

5

Second, Plaintiff argues that the Opinion erred in ruling that filing a lawsuit is not a violation of the FDCPA. (Mem. 8–12.) Plaintiff contends that "filing a knowingly meritless lawsuit is a violation of the FDCPA." (*Id.* at 8.) Here again, I considered this argument in the Opinion and rejected it. (Op. 11 ("Filing a lawsuit to collect a debt—or here a counterclaim—even if that suit is without merit, does not violate Section 1692.").) Plaintiff fails to cite to any controlling authority from either the Second Circuit or the Supreme Court that I overlooked or that is contrary to my Opinion, so this argument must be rejected.

Third, Plaintiff argues—for the first time—that Defendants' alleged violation of state law is a "proper basis" for his FDCPA claims. (Mem. 10–12.) This is an argument that is not explicitly made in Plaintiff's complaint ("Complaint"). Therefore, in order to reach the merits of this argument I would have to infer it based upon the allegations in his Complaint. Even if I were to determine, given the special solicitude granted to pro se litigants, that his argument could be inferred from the Complaint, Plaintiff cannot raise this argument for the first time in his motion for reconsideration when he had ample opportunity to do so in his numerous prior briefs. A motion for reconsideration is not the proper forum to raise arguments that could have been made before. *See Ethridge*, 49 F.4th at 688.

Fourth, Plaintiff claims that the dismissal of his Title VI claims is contrary to the policy goals of the United States Treasury Department's Community Development Financial Institutions Fund program. (Mem. 12–14.) Plaintiff originally argued in his memorandum of law in support of his application for leave to amend that Defendants' counterclaims in state court were retaliation under Title VI. (Doc. 59 at 18–24.) My Opinion rejected that argument for several reasons. First, individual defendants cannot be sued under Title VI. (Op. 19.) Second, Plaintiff did not claim that either GDB or Spring Bank's counsel Kaufman, Dolowich and

6

Voluck, LLP ("KDV") received federal funding, which Plaintiff must do to make a claim under Title VI. (*Id.* at 20.) Finally, Plaintiff failed to establish that he engaged in any protected activity that caused any alleged retaliation. (*Id.*) Plaintiff does not claim that these legal reasons for dismissal of his Title VI are incorrect as a matter of law. Accordingly, because his retaliation-based argument was already addressed in my Opinion, *see Ethridge*, 49 F.4th at 688, this argument likewise must be rejected.

Finally, Plaintiff makes—for the first time—discrimination-based claims under Title VI. (Mem. 15–26.) Plaintiff essentially attempts to bypass the protected-activity requirement which doomed his previous claim and instead contends that Defendants filed a lawsuit against him for discriminatory reasons. Plaintiff provides no evidence or argument in support of this claim. The same goes for Plaintiff's argument that "the Defendant's Lawyers" are "proper targets" of his Title VI claims. (*Id.* at 15.) In any event, because Plaintiff could have but failed to make such a discrimination-based argument before, his argument likewise is doomed and must be rejected. *Ethridge*, 49 F.4th at 688.

In sum, because Plaintiff either recycles previous arguments that the Opinion rejected, or proffers new arguments that he could have raised before but failed to do so, I reject each of his arguments for reconsideration. Plaintiff fails to demonstrate why the "extraordinary remedy" of reconsideration is proper here. *Yudong Zhu*, 41 F. Supp. 3d at 342 (internal quotation marks omitted). Accordingly, Plaintiff's motion for reconsideration is DENIED.

### B. *GDB Defendants' Motion for Reconsideration*[5]

The GDB Defendants request reconsideration for two reasons. First, the GDB

---

[5] During the telephone conference I held on December 15, 2023, I indicated that, because I would allow Plaintiff's untimely motion for reconsideration, I would similarly exercise my discretion to allow the GDB Defendants to cross-move for reconsideration.

7

Defendants argue that the Opinion overlooked a materiality requirement for claims of false communication under the FDCPA. (GDB Opp'n 12–14.) Second, the GDB Defendants claim that Plaintiff lacked Article III standing because he failed to plead a concrete injury. (*Id.* at 15.)

### 1. The Materiality Requirement Under Section 1692e

Plaintiff's sole remaining claim is that the GDB Defendants violated Section 1692e of the FDCPA, which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. According to the Complaint, Plaintiff alleges that the GDB Defendants violated Section 1692e when "Hack communicated to the Plaintiff that neither he nor [GDB], are debt collectors under the law." (Doc. 1 ("Compl.") ¶ 105.) The Opinion concluded that Plaintiff's allegations that the GDB Defendants "regularly engage in debt collection," (*id.* ¶ 25), if accepted as true, demonstrate that "it is possible that the GDB Defendants are debt collectors," (Op. 13–14).

Here, the GDB Defendants' cross-motion for reconsideration focuses primarily on the argument that Plaintiff fails to allege that he was materially misled by the challenged statement. (GDB Opp'n 12–14.) Although the GDB Defendants had previously raised this argument in their motion to dismiss, (*see* Doc. 12 at 13–14), the Opinion did not address any materiality requirement, even though it is an element of the offense. Because the Second Circuit explicitly adopted a materiality requirement under Section 1692, *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018), I now consider whether Plaintiff meets the materiality requirement.

The thrust of the GDB Defendants' argument is that Hack's communication that "neither he nor [GDB], are debt collectors under the law" is not relevant to "the nature or legal status of the debt," including Plaintiff's rights under the FDCPA or his right to dispute the debt, and that

8

Plaintiff was not materially misled. (GDB Opp'n 13.) The GDB Defendants emphasize that Plaintiff's own conduct suggests that he was not materially misled by the communication, as evident in the fact that Plaintiff continued to litigate this case. (*Id.* at 13–14.) The GDB Defendants essentially contend that Plaintiff fails to meet the materiality requirement under Section 1692 based on his subjective conduct.

However, the GDB Defendants misconstrue what the materiality standard requires. The materiality requirement is an objective standard, such that "a statement is material 'if it is capable of influencing the decision of the least sophisticated [consumer].'" *Cohen*, 897 F.3d at 85 (quoting *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015) (alteration in original)). The GDB Defendants point only to Plaintiff's subjective actions, and fail to argue that the least sophisticated consumer would never be influenced by Hack's communication here. I find that Hack's characterization that neither he nor GDB were debt collectors was "capable of influencing the decision of the least sophisticated [consumer.]" *Id.* (quoting *Jensen*, 791 F.3d at 421 (alteration in original)). The least sophisticated consumer could have understood Hack's communication to mean that the consumer's rights under the FDCPA were not available as to the GDB Defendants because they were not debt collectors. The statutory text broadly covers statements that were made "in connection with the collection of any debt." 15 U.S.C. § 1692e. The GDB Defendants do not argue or demonstrate that the expansive language of "in connection with" does not cover their status as debt collectors.

Although it is possible that the challenged communication may not have been capable of influencing Plaintiff, or even the average consumer, the Second Circuit's standard for the materiality requirement is the "least" sophisticated consumer. Because Hack's communication could have influenced the least sophisticated consumer, I do not find that Plaintiff failed to meet

9

the materiality requirement under Section 1692e.  Accordingly, the GDB Defendants' motion for reconsideration based on the materiality requirement is DENIED.

### 2. Article III Standing for FDCPA Claim

The GDB Defendants next argue that Plaintiff lacks Article III standing because he failed to allege an injury in fact.  (GDB Opp'n 14–16.)  In their motion to dismiss, the GDB Defendants previously argued that Plaintiff failed to allege "concrete" intangible harms to confer standing because he failed to demonstrate reliance on any misrepresentation.  (Doc. 12 at 15.)  Because the Opinion did not address Article III standing, I do so here.

To satisfy the injury-in-fact requirement of Article III standing, a plaintiff must show that his injury was "particularized" and "concrete."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016).  The Second Circuit previously held that "an alleged violation of [15 U.S.C. § 1692] satisfies the injury-in-fact requirement of Article III."  *Cohen*, 897 F.3d at 81.  However, the Supreme Court in *TransUnion* held that "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (emphasis in original).  This is because "an injury in law is not an injury in fact" under Article III.  *Id.*  In other words, a statutory violation alone is insufficient to constitute an injury in fact.  Moreover, to show a concrete intangible harm, a plaintiff must "identif[y] a close historical or common-law analogue for their asserted injury."  *Id.* at 424.

Plaintiff fails to demonstrate any injury in fact to confer Article III standing for his Section 1692e claim.  As an initial matter, Plaintiff does not allege any tangible or monetary harm.  For example, Plaintiff does not allege that "[D]efendant[s]' alleged misrepresentation caused" him "to pay extra money, affected [his] credit, or otherwise altered [his] response to a

10

debt." *Carrasquillo v. Nat'l Credit Sys., Inc.*, No. 24-CV-1029, 2025 WL 522276, at *2 (S.D.N.Y. Feb. 18, 2025) (alterations adopted and citation modified). Despite liberally construing the allegations in the Complaint, I do not find any allegations of tangible harms.

Nor does Plaintiff allege any concrete intangible harm. The only harm that Plaintiff arguably alleges is emotional harm because "Mr. Hack's emails were oppressive, abusive and harassing." (Compl. ¶ 30.) However, this kind of emotional harm is insufficient to constitute injury in fact. *See, e.g.*, *Merced v. Resurgent Cap. Servs., L.P.*, No. 22-CV-08327, 2024 WL 1076519, at *3 (S.D.N.Y. Mar. 12, 2024) (dismissing Section 1692e claim for lack of Article III standing where plaintiff alleged "emotional harm in the form of stress and anxiety, with physical harm manifesting in the form of lost sleep"); *Adler v. Penn Credit Corp.*, No. 19-CV-7084, 2022 WL 744031, at *9 (S.D.N.Y. Mar. 11, 2022) (dismissing 1692 claim where plaintiff's allegations of "emotional anguish" were "too vague" to establish injury in fact); *Spitz v. Caine & Weiner Co., Inc.*, No. 23-CV-7853, 2024 WL 69089, at *3 (E.D.N.Y. Jan. 5, 2024) (finding no standing based on emotional harms where plaintiff alleged she suffered "increased heartrate, difficulty with sleep, anxiety, and stress associated with fear" (citation modified)); *Wolkenfeld v. Portfolio Recovery Assocs., LLC*, No. 22-CV-1156, 2022 WL 1124828, at *2 (E.D.N.Y. Apr. 14, 2022) (finding no standing where plaintiff made "perfunctory allegation of emotional distress").

Nor does Plaintiff's potential confusion by Hack's communication qualify. *See Braver v. Diversified Adjustment Serv., Inc.*, No. 22-CV-9390, 2023 WL 8435825, at *4 (S.D.N.Y. Dec. 5, 2023) ("[C]onfusion is insufficient to confer standing for FDCPA claims." (citation omitted)); *see, e.g.*, *Schmelczer v. Penn Credit Corp.*, No. 20-CV-2380, 2022 WL 862254, at *7 (S.D.N.Y. Mar. 23, 2022) (finding that claims of confusion are "insufficient to establish concrete injury sufficient to confer Article III standing" (collecting cases)); *Spitz*, 2024 WL 69089, at *3 (finding

11

no standing based on emotional harms where plaintiff alleged she was "confused").

To the extent that Plaintiff alleges other intangible harms, he must "identif[y] a close historical or common-law analogue for [his] asserted injury." *TransUnion*, 594 U.S. at 424. Although he fails to cite any historical or common-law analogue, the GDB Defendants preemptively argue that "the only conceivable historical analogues" to Section 1692e would be common-law fraud, which may involve fraudulent or negligent misrepresentation. (Doc. 12 at 15.) Notably, the GDB Defendants emphasize that reliance is an element of common-law fraud. *See Kola v. Forster & Garbus LLP*, No. 19-CV-10496, 2021 WL 4135153, at *7 (S.D.N.Y. Sept. 10, 2021) (citation omitted). I agree with the GDB Defendants. Because Plaintiff fails to allege any reliance on Hack's communication, he fails to allege a concrete intangible harm and therefore lacks Article III standing. *See id.* at *7–8 (dismissing § 1692e claim for lack of Article III standing where plaintiff failed to allege reliance).

Finally, Plaintiff alleges that "Hack attempted to mislead the Plaintiff into believing that neither he nor [GDB] was subject to the FDCPA." (Compl. ¶ 36.) This claim essentially argues that his injury was the statutory violation itself. However, as noted, a statutory violation alone is not an injury in fact, so this allegation does not confer Article III standing. *See Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022) (recognizing that a plaintiff must "show a current or past harm beyond the statutory violation itself").

Because Plaintiff fails to demonstrate an injury in fact, he lacks Article III standing and his Section 1692e claim is DISMISSED. Accordingly, the GDB Defendants' motion for reconsideration based on Article III standing is GRANTED.

Finally, although "[d]istrict courts should frequently provide leave to amend before dismissing a *pro se* complaint . . . leave to amend is not necessary when it would be futile."

12

*Reed v. Friedman Mgt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (summary order); *see also Jones v. Atl. Recs.*, No. 22-CV-893, 2023 WL 5577282, at *8 (S.D.N.Y. Aug. 29, 2023) ("Thus, because amendment would be futile, the Complaint is dismissed with prejudice." (collecting cases)), *aff'd sub nom. Jones v. Atl. Recording Corp.*, No. 23-1348, 2025 WL 1872808 (2d Cir. July 8, 2025) (summary order).  For the reasons I denied Plaintiff's motion to amend in the Opinion, and for the reasons above regarding Article III standing, this case is dismissed with prejudice.

### IV.  Motion for Leave to Appeal in Forma Pauperis

On November 3, 2023, Plaintiff filed a notice of interlocutory appeal of my Opinion. (Doc. 88.)  On November 7, 2023, Plaintiff moved for leave to appeal in forma pauperis the Opinion.  (Doc. 89.)  The next day, Plaintiff filed a Statement of Appeal listing 25 "issues" that he requests the Court of Appeals consider.  (Doc. 103.)

Plaintiff's claims have either been already addressed and rejected, or raised for the first time.  In any event, my Opinion was not a final order that was appealable.  On May 10, 2024, the Second Circuit affirmed as much when it dismissed Plaintiff's appeal "because the district court has not issued a final order."  (Doc. 109.)  Because the Second Circuit dismissed Plaintiff's appeal, Plaintiff's motion for leave to appeal in forma pauperis is moot.  *Cf. Xiaocheng Li v. Holder*, 320 F. App'x 40, 42 (2d Cir. 2009) (summary order) (dismissing motion to proceed in forma pauperis as moot after denying the petition for review).

Accordingly, Plaintiff's motion for leave to appeal in forma pauperis his interlocutory appeal, (Doc. 89), is DENIED without prejudice to Plaintiff seeking leave to appeal in forma pauperis this Opinion & Order dismissing this action, since it is a final order.

## V. <u>Conclusion</u>

For the reasons stated above: (1) Plaintiff's motion for reconsideration, (Doc. 81), is DENIED; (2) Plaintiff's motion for leave to appeal in forma pauperis, (Doc. 89), is DENIED as moot; (3) the GDB Defendants' letter motion for leave to cross-move for reconsideration, (Doc. 90), is DENIED as moot; and (4) the GDB Defendants' cross-motion for reconsideration, (Doc. 101), is GRANTED IN PART AND DENIED IN PART and Plaintiff's § 1692e claims are DISMISSED. This is a final order.

The Clerk of Court is respectfully directed to terminate Document 89 (Plaintiff's motion for leave to appeal in forma pauperis), Document 90 (GDB Defendants' letter motion for leave to file motion for reconsideration), and Document 101 (GDB Defendants' cross-motion for reconsideration).

The Clerk of Court is also respectfully directed to close this case because all pending claims have been dismissed. The Clerk of Court is respectfully directed to mail a copy of this Opinion & Order to Plaintiff.

SO ORDERED.

Dated: September 12, 2025
      New York, New York

*Vernon Broderick* (signature)

Vernon S. Broderick
United States District Judge