Plaintiff's request to file portions of his reply brief under seal due to personal identifying information and sensitive medical information is GRANTED.

However, Plaintiff's request to file an oversized reply brief is DENIED. This Court has already granted Plaintiff's request to file an oversized brief for his second motion for reconsideration. Since Plaintiff has until December 9, 2025 to file his reply, the Court directs Plaintiff to comply with the 3,500 word limit, in accordance with my Individual Rules and Practices in Civil Cases 4(B). The Clerk of Court is also respectfully directed to terminate the gavel at Doc. 122, which is a duplicate request to file an oversized reply brief.

SO ORDERED:

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

Date: 11/20/2025

<u>UNITED STATES DISTRICT COURT</u>

<u>SOUTHERN DISTRICT OF NEW YORK</u>

JASON WIMBERLY,

Plaintiff,

-against-    Case No. 1:22-cv-07581 (VSB)

MELANIE STERN, SPRING BANK, JAY LAWRENCE HACK, GALLET, DREYER & BERKEY, LLP,

Defendants.

---

# PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY UNDER SEAL AND FOR LEAVE TO FILE AN OVERSIZED REPLY

Plaintiff Jason Wimberly, proceeding pro se, respectfully moves this Court for leave to (1) file his reply to Defendant's application to set aside Plaintiff's Second Motion for Reconsideration under seal, and (2) exceed the standard page limit for reply briefs under the Local Rules. In support of this motion, Plaintiff states as follows:

---

### I. Leave to File Under Seal

1. Plaintiff's forthcoming reply contains detailed references to his personal and sensitive medical information, including diagnoses and treatment history related to chronic health conditions that form part of the factual background of this litigation.

2. Public disclosure of these details would constitute an unwarranted invasion of privacy and could compromise Plaintiff's medical confidentiality interests protected under federal law, including the Health Insurance Portability and Accountability Act (HIPAA).

3. Courts in this District routinely permit the filing of medical information under seal to safeguard legitimate privacy interests. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119–20 (2d Cir. 2006) (recognizing sealing permissible to protect privacy interests when higher values outweigh public access).

4. Plaintiff's request is narrowly tailored: he seeks to seal only those portions of his reply containing specific medical facts and supporting exhibits, while the remainder of the filing

may be publicly accessible if the Court so directs.

## II. Leave to File Oversized Reply

5. Plaintiff also respectfully requests leave to file an oversized reply not to exceed 30 pages, exceeding the standard page limit under Local Civil Rule 6.3 by approximately 20 pages.

6. This additional length is necessary to address the three year history of this case and and multiple complex factual and legal issues including constitutional concerns applicable to Defendant's application, including arguments relating to jurisdictional questions, standards for reconsideration, and the applicability of the Americans with Disabilities Act.

7. As a pro se litigant managing serious medical conditions, Plaintiff has endeavored indeed struggled to be concise, but finds it essential to provide a full and coherent response to ensure a clear record for review to amongst other things to ensure that there are no further mischaracterizations of the facts or the law governing the outcome of this case by the defendants.

8. Granting leave will not prejudice Defendant and will aid the Court in its evaluation of the pending matters.

## III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Grant leave for Plaintiff to file his reply under seal;

2. Grant leave for Plaintiff to file an oversized reply not exceeding 30 pages; and

3. Grant such other and further relief as the Court deems just and proper.

/s/ Jason Wimberly