UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK


JASON WIMBERLY

                           PLAINTIFF

V.

                    Index No: 1:22-cv-7581


MELANIE STERN, JAY LAWRENCE HACK,

GALLET, DREYER & BERKEY, LLP


                           DEFENDANTS


**PLAINTIFF'S MOTION FOR LEAVE TO FILE OVERSIZED REPLY BRIEF**

APPLICATION DENIED.
SO ORDERED _[signature]_
VERNON S. BRODERICK
U.S.D.J. 1/7/2026

I am in receipt of Plaintiff's motion for leave to file an oversized reply brief. (Doc. 150.) This is the second motion that Plaintiff has filed requesting leave to file an oversized reply brief in support of his second motion for reconsideration. (Docs. 122, 129.) While I granted Plaintiff's previous requests to file oversized briefs, (*see* Docs. 107, 125), I denied Plaintiff's first motion for leave to file an oversized reply on November 20, 2025. (Doc. 130.) In my previous denial, I explained that Plaintiff had time to edit and file his reply brief before the deadline, and I directed him to comply with the 3,500 word limit, in accordance with my Individual Rules and Practices in Civil Cases 4(B). (*Id.*) Since then, I have also granted Plaintiff at least one extension of time to file his reply, (Doc. 147), which has given him additional time to comply with this word limit. Indeed, in the time Plaintiff has had to file his reply brief, he has also filed a separate Motion for Sanctions. (Doc. 148.) Therefore, I deny Plaintiff's second request to file an oversized reply brief and again direct Plaintiff to comply with the 3,500 word limit. I will not consider Plaintiff's oversized reply brief, filed as Doc. 152, when considering Plaintiff's second motion for reconsideration. If Plaintiff would like this Court to consider his reply brief, he is directed to file a new, 3500 word reply within twenty-one (21) days of this order. Once Plaintiff files a reply, I will evaluate his request to file the document under seal. Moreover, when filing briefs with personally identifiable information ("PII") and sensitive medical information, Plaintiff is advised that he must comply with my Individual Rules & Practices in Civil Cases, specifically Rule 5(B)(i) which provides guidelines for redacting information. The Clerk of Court is also respectfully directed to terminate the motions at Doc. 122, which is a duplicate request to file an oversized reply brief, and at Doc. 151, which is moot.

Plaintiff Jason Wimberly respectfully moves this Court for leave to file a reply brief of approximately 30 pages in support of his Second Motion for Reconsideration, exceeding the standard page limitations set forth in this Court's Individual Practices. In support of this motion, Plaintiff states as follows:


**I. LEGAL FRAMEWORK**


This Court possesses inherent discretionary authority to depart from local page limitations when circumstances warrant. "A district court has the inherent power to decide when a departure from its Local Rules should be excused or overlooked.... The district court's inherent discretion to depart from the letter of the Local Rules extends to every Local Rule regardless of whether a particular Local Rule specifically grants the judge the power to deviate from the Rule." *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991).

Moreover, Federal Rule of Civil Procedure 1 mandates that all rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Accepting this brief serves all three Rule 1 objectives by: (1) ensuring just resolution through comprehensive response to defendants' concealment of controlling precedent; (2) expediting resolution by avoiding unnecessary appellate proceedings; and (3) reducing costs by resolving all issues in single motion rather than through piecemeal litigation.

Courts in this Circuit routinely excuse pro se litigants from strict compliance with procedural rules.

"Given [plaintiff's] pro se status, the Court will excuse Plaintiff's noncompliance with the local rules." *Cato v. Dietschler,* No. 6:21-cv-06207, 2025 WL 930165, at *2 (W.D.N.Y. Mar. 21, 2025). This principle applies with particular force where, as here, the pro se litigant suffers from documented cognitive impairment affecting litigation capacity.

## II. EXTRAORDINARY CIRCUMSTANCES WARRANT DEPARTURE FROM PAGE LIMITS

### A. Defendants' Concealment of Controlling Precedent Necessitated Comprehensive Response

Defendants' opposition brief fails to cite, discuss, or distinguish *Eades v. Kennedy*, 799 F.3d 161 (2d Cir. 2015), binding Second Circuit precedent directly holding that "filing a lawsuit where recovery is precluded as a matter of law is a violation of the FDCPA." This case has been cited nearly 350 times and is unavoidable with competent legal research:

• A Westlaw search for "FDCPA" AND "litigation" AND "Second Circuit" returns Eades as a top result
• A Google Scholar search for "FDCPA lawsuit violate Second Circuit" returns Eades
• A Shepard's citation check of Heintz v. Jenkins, 514 U.S. 291 (1995)—which defendants did cite—leads directly to Eades

There is no credible explanation for experienced FDCPA defense counsel to be unaware of this controlling authority. Their concealment violates Rule 11's duty to disclose adverse controlling precedent and necessitates comprehensive response addressing why this Court's contrary holding cannot stand.

Additionally, defendants failed to cite or distinguish *DDJ Management, LLC v. Rhone Group L.L.C.*, 15 N.Y.3d 147 (2010), controlling New York Court of Appeals precedent establishing that plaintiffs are entitled to rely on written representations from attorneys rather than conducting independent investigation—directly contradicting this Court's finding that Plaintiff lacked "justifiable reliance."

Responding to this systematic concealment of controlling authority requires detailed legal analysis that cannot be compressed into standard page limits without sacrificing clarity and completeness.

B. Defendants' Retaliatory Declaration With Nine Exhibits Requires Substantive Response

On December 9, 2025—just 14 days after Plaintiff identified Eades as controlling precedent—defendants

filed a Declaration by attorney Adam M. Marshall containing nine exhibits documenting Plaintiff's litigation history in other federal cases, with zero substantive legal argument addressing Eades or any other legal issue raised in Plaintiff's motion.

This retaliatory filing necessitates comprehensive response demonstrating:

1. Temporal proximity establishing retaliatory intent under *Slattery v. Swiss Reinsurance America Corp*., 248 F.3d 87 (2d Cir. 2001)
2. Absence of legitimate purpose (contains no legal argument)
3. Violations of Treasury anti-reprisal policy applicable to CDFIs
4. Violations of Equal Credit Opportunity Act retaliation prohibitions
5. Violations of Truth in Lending Act anti-retaliation provisions
6. Violations of ADA/Section 504 retaliation prohibitions
7. Pattern of escalating retaliation documented through five discrete acts
8. "Deliberate indifference" standard under *Loeffler v. Staten Island University Hospital,* establishing disability discrimination retaliation by amongst other things attaching the complaints from unrelated suits under Anti-Disability Discrimination statutes to an FDCPA case when they are irrelevant and likely to have a chilling effect on disability advocacy.

Each of these legal frameworks requires explanation and application to the extensive factual record, necessitating the additional pages.

Moreover, defendants' attachment of Plaintiff's disability rights litigation history as exhibits constitutes retaliation that "would deter a similarly situated individual of ordinary firmness from exercising his or her rights." *Hicks v. Baine*s, 593 F.3d 159, 164 (2d Cir. 2010). Responding to this misconduct requires showing that Plaintiff's prior litigation was meritorious, not frivolous—which necessarily involves detailed discussion of each case defendants weaponized against him.

Federal Rules prohibit multiplying proceedings. Wright & Miller, Federal Practice & Procedure § 1029. Defendants' misconduct—concealing controlling precedent and filing retaliatory declarations—multiplied these proceedings. Plaintiff should not be in effect penalized with restrictive page limits for responding to defendants' own procedural violations.

## C. Newly Discovered Medical Evidence Requires Detailed Explanation

Plaintiff's reply brief presents newly discovered evidence under Fed. R. Civ. P. 60(b)(2) that was not discoverable with reasonable diligence before this Court's prior dismissal:

1. Severe hyperhomocysteinemia diagnosed February 2025 (Exhibit B - Labcorp results)

2. Arteriovenous fistula stenosis discovered September 2025 (Exhibit B1)

3. Additional severe aneurysmic AV blockage requiring emergency intervention December 10, 2025 (Exhibit B2 - Report of Noam Spinowitz, MD)

4. Severe sleep apnea with oxygen desaturation to 79% (Exhibit B3 - Mount Sinai and Columbia polysomnography reports)

5. Kt/v measures (Kt/v measures clearance of toxins from the bloodstream through dialysis, the Plaimtiff's nephrologist prescribed goal is a Kt/v of 1.2, Plaintiff's clearance for several years now has been far short of this, rarely making it into whole digits in substantial part due to needing to end dialysis sessions early or skip them altogether to respond to Defendant's counterclaim).

These conditions further establish cognitive impairment affecting Plaintiff's litigation capacity during prior briefing. Explaining their medical significance, legal relevance to standing and Rule 60(b)(2), and connection to suboptimal earlier submissions requires detailed analysis that cannot be artificially compressed.

Additionally, documenting ongoing harm from defendants' conduct requires presenting evidence of:
• Disruption to dialysis treatment (Exhibits E6, E6.1)
• Disruption to cardiac medication regimens (Exhibit E7)
• Contemplation of hospice care due to litigation stress (Exhibits E1, E8)
• Diversion of resources from medical care and transplant planning (Exhibits F4, F5)

Each category of harm requires explanation of medical context, legal significance, and application to Article III standing requirements—necessitating additional pages.

D. Complexity of Legal Issues Requires Comprehensive Treatment

This motion implicates multiple distinct legal frameworks that cannot be adequately addressed within standard page limits:

1. FDCPA violations (6 discrete violations under §§ 1692d, 1692e, 1692f)

2. New York Judiciary Law § 487 (attorney deceit during pending litigation)

3. Truth in Lending Act violations (false records about credit reporting agreements)

4. Equal Credit Opportunity Act retaliation

5. Treasury anti-reprisal policy violations (CDFI-specific obligations)

6. ADA Title II and Section 504 retaliation

7. Constitutional due process violations (Fustok v. ContiCommodity Servs., 873 F.2d 38)

8. Rule 60(b)(4) void judgment standard (Nemaizer v. Baker, 793 F.2d 58)

9. Rule 60(b)(2) newly discovered evidence

10. Rule 15 liberal amendment standards (Foman v. Davis, 371 U.S. 178)

11. Vicarious liability under common law agency principles

12. False-name exception and statutory interpretation (creditor exemption)

13. TransUnion standing requirements and common law analogues

14. Erie doctrine and Loper Bright deference framework

Each framework requires: (1) statement of controlling legal standard; (2) citation to binding authority; (3) application to facts; and (4) explanation of why defendants' arguments fail. Standard page limits designed for motions addressing single legal issues are inadequate for motions addressing 14+ distinct frameworks.

E. Thirty-Seven Exhibits Require Explanation and Context

Plaintiff's reply brief references 37 exhibits providing complete evidentiary record:

Medical Evidence (13 exhibits):
• Exhibits A, A-1, A1.1, A.2 (diagnosis letters, hospital records, litigation stress impact)
• Exhibits B, B1, B2, B3 (hyperhomocysteinemia, AV blockages, sleep apnea)
• Exhibits E1, E2, E6, E6.1, E7, E8 (hospice contemplation, dialysis disruption, medication disruption, inadequate toxin clearance)

FDCPA Violations (4 exhibits):
• Exhibits C, C1, C-2, C-3 (Hack's email, debt notice, state court answer, Guzman emails)

Pattern of Misconduct (4 exhibits):
• Exhibits F, F1, F2, F3 (Guzman affidavit/perjury, military records, rental history)

Agency Petitions (3 exhibits):

• Exhibits D, D1 (Attorney General complaints, Manhattan DA correspondence)

Standing Evidence (4 exhibits):

• Exhibits F4, F5, G, G-1 (medical research correspondence, transplant planning, filing fees)

Prior Proceedings (3 exhibits):

• Exhibits E4, E5 (Second Circuit mandate recall, mandamus petition brief)

Legislative Advocacy (1 exhibit):

• Exhibit H (petition to state/city council for GBL 601 reform)

Each exhibit requires explanation of: (1) what it is; (2) what it proves; (3) why it's relevant; and (4) how it supports specific legal claims. Thirty-seven exhibits cannot be adequately contextualized within standard page limits without sacrificing clarity.

F. Plaintiff's Documented Cognitive Impairment Warrants Accommodation

The Americans with Disabilities Act Title II applies to courts and requires reasonable accommodation for litigants with disabilities. Plaintiff suffers from documented cognitive impairment caused by:

1. Severe hyperhomocysteinemia (elevated neurotoxin levels)
2. Chronic oxygen deprivation (sleep apnea with 79% desaturation)
3. Brain hypoperfusion (AV fistula blockages reducing blood flow)
4. Uremic toxin accumulation (inadequate dialysis clearance - Exhibit E6.1)

These conditions impaired Plaintiff's ability to brief issues optimally in earlier submissions. Allowing extended brief now provides reasonable accommodation enabling Plaintiff to present his case fully despite cognitive limitations—precisely what ADA requires.

Moreover, these same cognitive impairments make it more difficult for Plaintiff to condense complex arguments into artificially restrictive page limits. Requiring Plaintiff to compress 14+ legal frameworks, 37 exhibits, and responses to defendants' concealment of precedent and retaliatory filings into standard

page limits effectively denies him meaningful access to courts in violation of ADA Title II.

III. JUDICIAL ECONOMY STRONGLY FAVORS ACCEPTING THIS BRIEF

A. This Brief Provides Complete Evidentiary Preview Avoiding Future Litigation

This 30-page brief with 37 exhibits provides this Court with a complete evidentiary record for Plaintiff's entire case. The Court will very likely need to review this evidence eventually—the only question is whether it does so now or after years of unnecessary appellate proceedings in the event the Court still finds the Plaintiff doesn't have standing.

If This Court Denies Motion Without Reading Brief:
• Second Circuit will likely reverse (Eades, Harty, Foman violations clear)
• Case remands for leave to amend (2+ years)
• Plaintiff files amended complaint with same 37 exhibits
• Defendants file motion to dismiss again
• Plaintiff files opposition with same 37 exhibits again
• This Court reviews same evidence but 2+ years later
• Potential second appeal
• Total timeline: 4-6 additional years

If This Court Accepts Brief and Grants Relief Now:
• Court reviews all evidence once
• Grants leave to amend based on complete record
• Plaintiff files amended complaint (already substantially drafted)
• Case proceeds directly to discovery and trial
• Total timeline: Case moves forward immediately

The latter course serves Rule 1's mandate for "just, speedy, and inexpensive determination." The former wastes years on procedural appeals addressing errors easily corrected now.

B. Defendants Made Comprehensive Response Necessary

Plaintiff did not unilaterally choose to file 30-page brief. Defendants' misconduct necessitated it:

1. Concealing Eades (binding precedent with 350+ citations) requires comprehensive explanation of why this Court's contrary holding cannot stand

2. Concealing DDJ Management requires detailed analysis of New York's justifiable reliance standards

3. Filing retaliatory declaration with 9 exhibits requires substantive response under multiple anti-retaliation statutes

4. Submitting false affidavits (Guzman) requires detailed comparison to contemporaneous emails proving perjury

5. Attaching Plaintiff's disability litigation history requires showing each case had merit, contradicting "frivolous filer" narrative

Federal practice prohibits penalizing party for brief length necessitated by opposing party's procedural violations. Wright & Miller, Federal Practice & Procedure § 1029.

### C. Four Years of Litigation Warrants Comprehensive Resolution

This action has been pending since March 2022—nearly four years. During that time:
• Plaintiff has undergone dialysis approximately 600 times
• Plaintiff has suffered multiple hospitalizations
• Plaintiff's kidney disease has progressed
• Plaintiff has developed newly diagnosed conditions (hyperhomocysteinemia, AV blockages)
• Plaintiff has contemplated transitioning to hospice care

Every additional day of litigation causes concrete harm to Plaintiff's health. Accepting this brief and resolving motion comprehensively serves judicial economy by avoiding years of additional proceedings that Plaintiff—given his terminal condition—may not survive.

Moreover, this Court has invested substantial time in this case over four years. Accepting 30-page brief allows the Court to resolve all issues in a single comprehensive ruling rather than through piecemeal motions and appeals extending litigation indefinitely.

## IV. ALTERNATIVE RELIEF

If this Court declines to accept full 30-page brief, Plaintiff respectfully requests leave to file brief in two parts:

Part I (15 pages): Core reconsideration arguments (Eades concealment, void judgment, Rule 15 requirements)

Part II (15 pages): Supplemental grounds (retaliation, vicarious liability, TILA violations, newly discovered evidence)

This would allow the Court to review core arguments within standard limits while preserving access to comprehensive analysis if the Court finds it necessary.

## V. CONCLUSION

Extraordinary circumstances warrant this Court's exercise of discretion to accept Plaintiff's 30-page reply brief:

1. Defendants concealed controlling precedent (*Eades, DDJ Managem*ent), necessitating comprehensive response
2. Defendants filed retaliatory declaration with 9 exhibits, requiring substantive response under multiple statutes
3. Newly discovered medical evidence establishes cognitive impairment requiring detailed explanation
4. Motion implicates 14+ distinct legal frameworks requiring comprehensive treatment
5. 37 exhibits require contextualization and explanation
6. Plaintiff's documented cognitive impairment warrants ADA accommodation
7. Four years of litigation and Plaintiff's terminal condition favor comprehensive resolution now
8. Judicial economy strongly favors accepting brief rather than litigating same issues through years of appeals

This Court possesses inherent discretion to depart from local page limits when justice requires. *Somlyo*, 932 F.2d at 1046. Justice requires it here.

Plaintiff did not create this complexity—defendants did through their concealment of precedent, retaliatory filings, false affidavits, and systematic misconduct. Rule 1 mandates construing rules to secure "just, speedy, and inexpensive determination." Accepting this brief serves all three objectives.

Respectfully submitted,

_____

/s/Jason Wimberly, Pro Se

Dated: December 31, 2025